CLERK'S OFFICE U.S. DISTRICT
AT ROANOKE VA

OCT 16 2008

JOHN F. C...
BY:

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| ANNETTE ROSS,<br>Plaintiff, | Civil Action No. 7:08-cv-00522 |
| v. | **MEMORANDUM OPINION** |
| MR. YOUNG, et. al.,<br>Defendants. | By: Hon. James C. Turk<br>Senior United States District Judge |

Plaintiff Annette Ross, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In her complaint, Ross alleges that various medical and mental health staff members and other officials at the Fluvanna Correctional Center for Women ("FCCW") have deprived her of adequate medical care, in violation of her constitutional rights. Upon consideration of the complaint, the court finds that this action should be summarily dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim.

I

Ross makes the following allegations from which her claims apparently arise.[1] Ross asserts that doctors have "made bad judgments" about how to treat her medical conditions. She states that she "will be able to prove" that from July to September 2007, she was "extremely sick with nausea and vomiting and suffered "extreme weight loss," but that "there were no care [sic]" and she "did not receive proper care." She asserts that her "medical condition was not considered upon given [sic] blood pressure medicine." Further, she alleges being denied access to her medical records and receiving a fee charge for being referred to different staff members. In June 2008, Ross was back in the FCCW infirmary for nausea, vomiting, and weight loss. Dr. McDonald released her "the same way" on June 20, 2008.

Ross also complains that Dr. Mayor sent her to UVA hospital and referred her to a "gastrourologist," but Dr. McDonald "lied" to him and referred Ross instead to see a psychiatrist,

---

[1] Ross names numerous individuals as defendants, but does not set out numbered claims or indicate which claims she wishes to raise against which defendants. The court has liberally construed her complaint to raise the claims described in this section.

1

based on his beliefs about her condition. The mental health team discharged Ross in February 2008 from the mental health wing of FCCW back into the general population. Ross believes that she should be moved back to the mental health wing, because she has difficulty dealing with large numbers of other people. Ross also asserts that she "was not getting proper evaluations from Mr. Young" concerning her therapy and complains that Ms. Barlowe and Mr. Paylo made judgments about her treatment needs without examining her "in per se'." Ross states that she is "suffering more than ever" and that her anxiety and mood swings are "uncontrollable."

Finally, Ross alleges that two officers did not follow appropriate prison procedures during the confiscation of Ross's radio. She complains that various other officers are not properly handling the matter.

II

Pursuant to §1915A, the court may dismiss an action filed by a prisoner against government officials at any time as frivolous, malicious or for failure to state a claim upon which relief may be granted. While the complaint need not provide detailed factual allegations to state a claim, the basis for relief in the complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). Assuming the factual allegations in the complaint are true, they "must be enough to raise a right to relief above the speculative level." Id.

A. Property

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Violations of state law by state officials do not provide basis for constitutional claims under §1983. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Allegations that prison officials randomly deprived an inmate of her property, whether intentionally or as a result of negligence, do not state any constitutional claim "if a meaningful post-deprivation remedy for the

2

loss is available." Hudson v. Palmer, 468 U.S. 517 (1984). Mere negligence by prison officials does not implicate the Due Process Clause. Daniels v. Williams, 474 U.S. 327 (1986). Deprivations pursuant to official policy sometimes require pre-deprivation procedures to ensure that deprivations pursuant to the policy are lawful. Parratt v. Taylor, 451 U.S. 527, 537 (1981). A post-deprivation remedy for mistaken deprivations will suffice, however, where the property interest at stake is adequately protected by such procedures. Zinermon v. Burch, 494 U.S. 113, 126 (1990).

Ross alleges that various officials were negligent in carrying out procedures to confiscate her radio. Yet, she has alleged no facts suggesting that post-deprivation remedies available to her at FCCW are inadequate to protect her property interests under such circumstances. Moreover, negligent omissions in procedure are not actionable under § 1983, and mere violations of state regulations do not present any constitutional claim. Finally, inasmuch as Ross possessed tort remedies under Virginia state law to recover the monetary value of her radio, see Virginia Code § 8.01-195.3, it is clear that she cannot prevail in a constitutional claim for the alleged property loss in this case.

### B. Medical Care

To prove that her course of medical treatment in prison amounted to a violation of the Eighth Amendment, plaintiff must show that personnel to whose care she was committed exhibited "deliberate indifference" to her "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104-105 (1976). The inmate must show that the official was aware of objective evidence from which he could draw an inference that a substantial risk of harm existed, that he drew that inference, and that he failed to respond reasonably to the risk. Farmer v. Brennan, 511 U.S. 825, 847 (1994). A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis and course of treatment does not implicate the Eighth amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Questions of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975). Moreover, mere malpractice or negligence in diagnosis does not state a federal claim. Estelle, 429 U.S. at 105-106.

3

The Fourth Circuit Court of Appeals has held that to bring a medical treatment claim against non-medical prison personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct. Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990). Prison personnel may rely on the opinion of the medical staff as to the proper course of treatment. Id. at 855.

Upon careful review of the allegations in the complaint, the court cannot find that Ross has stated any actionable § 1983 claim concerning her medical or mental health treatment. Even assuming without finding that her nausea and vomiting constituted a serious medical need, it is clear from her complaint that the FCCW staff provided her with treatment. They brought her to the infirmary for observation, referred her to a specialist, and evaluated the likelihood that her symptoms were psychological rather than medical. They housed her in the mental health wing of the institution for several months before reevaluating her condition and transferring her to the general population. Nothing in the complaint suggests that the individuals charged with her care have not continually monitored her conditions and provided the treatment they judged appropriate. Thus, Ross fails to state any claim of deliberate indifference on the part of the medical staff. Moreover, the non-medical staff members had a right to rely on the doctors' decisions concerning the appropriate course of treatment for her conditions.

At the most, Ross alleges her own disagreement with the doctors' treatment decisions and states her belief their judgments were "bad" or "negligent" or did not consider all relevant factors. Such allegations of negligence are not "enough to raise a right to relief [under § 1983] above the speculative level."[2] Twombly, 127 S. Ct. at 1965. Accordingly, the court finds that plaintiff's complaint must be dismissed for failure to state a claim, pursuant to §1915A(b)(1). An appropriate order shall be entered this day.

---

[2]To the extent that Ross might conceivably have some claim of medical malpractice, the court declines to exercise supplemental jurisdiction over any such claim arising solely under state law and will dismiss all such claims without prejudice, pursuant to 28 U.S.C. § 1367(c).

4

The plaintiff is advised that she may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 16th day of October, 2008.

/s/ James C. Turk
Senior United States District Judge